Pleading and practice; patent suit filed under Rule 36; motion to dismiss or consolidate; remand to trial judge for discovery issues. — On January 11, 1980 the court entered the following order:
Before Friedman, Chief Judge, Nichols and Smith, Judges.
*551 Plaintiff in this suit has filed a petition pending motion for discovery, pursuant to Rule 36. The case is before the court on defendant’s motion to dismiss, filed prior to discovery.
Plaintiff claims the United States has infringed several patents he owns by purchasing and using equipment that infringed his patent. He states, however, that he cannot determine exactly which allegedly infringing devices the government has used or which patent claims have been infringed without discovering information held by the United States and its contractors.
Defendant’s motion sought dismissal on the grounds that the petition does not meet the requirements of Rule 36 and that it duplicates another patent infringement suit the plaintiff filed on the same day, Lemelson v. United States, No. 414-79C, filed September 14, 1979, which it asserts makes the same claims as the present suit. The government contends that the case is identical to the other suit, which plaintiff had sufficient information to commence by a petition under Rule 35. In a later pleading defendant states that the purpose of its motion is to consolidate the two cases.
Both sides make conflicting assertions of fact, which the court cannot resolve at this stage of the proceedings. Defendant’s contention that the cases should be consolidated is not appropriate for our consideration at this time, and in any event is a matter for the trial judge initially to decide. On their faces, the two petitions appear to differ in scope, in the items at issue, and in the likely third-party defendants.
A number of the issues raised by the United States in its pleadings concern the scope of discovery. These questions, like the question of consolidation, should be brought before the trial judge in the first instance.
it is therefore ordered that defendant’s motion to dismiss is denied, and the case is remanded to the Trial Division for further proceedings.